## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT

| | | |
|---|---|---|
| In re: | : | Case No: 19-51611 |
|     DAVID W. FLEMING, II, | : | Chapter 7 (JAM) |
|         Debtor. | : | |
| | : | |
|     NICHOLAS AHUJA and | : | Adv. Proc. No. 20-05008 |
|     AJAY AHUJA, | : | |
|         Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
|     DAVID W. FLEMING, II, | : | |
|         Defendant. | : | March 26, 2020 |

## MOTION FOR STAY

The Plaintiffs, Nicholas Ahuja and Ajay Ahuja, hereby move to stay this adversary proceeding, until the adjudication of (i) the Motion for Relief from Stay now pending before this court and (ii) the action now pending in Connecticut Superior Court, captioned <u>Ahuja v. Fleming</u>, Judicial District of Stamford/Norwalk at Stamford, FST-CV-19-6043982-S (the "State Court Proceeding"), to confirm the FINRA arbitration award that the Plaintiffs obtained against the Debtor-Defendant, David W. Fleming, II ("Fleming").

**I.    Background.**

This is a nondischargeability action under subsections (2), (4) and (19) of section 523(a) of the Bankruptcy Code. Fleming is a financial advisor, and the Plaintiffs are former clients of his. The Plaintiffs hold claims against him arising from that work as a financial advisor.

**ORAL ARGUMENT IS NOT REQUESTED.**

Those claims are embodied in a FINRA arbitration award in favor of the Plaintiffs and against Fleming.  Proceedings to confirm the award as a judgment of the Connecticut Superior Court are now pending, by way of the State Court Proceeding.  That action was stayed when Mr. Fleming filed for bankruptcy protection.  The Plaintiffs filed their Motion for Relief from Stay to allow the State Court Proceeding to proceed to judgment.

The Plaintiffs filed this adversary proceeding on February 21, 2020, and the matter has been set down for a pretrial on April 28, 2020.  Mr. Fleming appeared by counsel on March 26, 2020.  There have been no substantive filings since the complaint, and the parties have not started discovery, formal or informal.

### II.     The Plaintiffs' 11 U.S.C. § 523(a)(19) claim; stay of this adversary proceeding until the FINRA award is converted to a judgment.

The third count of the Plaintiffs' adversary proceeding complaint is under 11 U.S.C. § 523(a)(19).  Under this provision, a debt is nondischarageable if it

> (A) is for-
> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
> (B) results, before, on, or after the date on which the petition was filed, from-
> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
> (ii) any settlement agreement entered into by the debtor; or
> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

This section provides "a more limited exception to discharge than section 523(a)(2) in that it includes the additional requirement that the debt not only arise from the violation of the securities law *but also be memorialized in some form of judicial or administrative*

2

*determination* or in a settlement agreement." 4 Collier on Bankruptcy § 523.27, p. 523-131 (16th Ed.) (Rev. to 2009) (emphasis added). "[A]bsent confirmation of [a] FINRA Award by a court of competent jurisdiction, ***the award alone cannot provide a basis for finding the debt to be non-dischargeable*** [under section 523(a)(19)]." Cooley-Linder v. Behrends (In re Behrends), 2015 WL 5728825 (D.Col. 2015) at *2, affirmed 660 Fed.Appx. 696 (10th Cir. 2016) (emphasis added).

The creditor in Behrends followed the path that the Plaintiffs herein are aiming to follow: the creditor obtained a FINRA arbitration award, and then when the debtor filed for bankruptcy protection, obtained relief from the automatic stay, so that the award could be perfected as a judgment outside the bankruptcy court. The creditor could then pursue a § 523(a)(19) nondischargeability claim. 660 Fed.Appx. at 699.

To facilitate that process, this court should "decline to determine nondischargeability under section 523(a)(19) and abstain from deciding the issue or grant relief from the automatic stay and ***place the adversary proceeding in suspense*** while the parties litigate the merits of the creditor's claim in the nonbankruptcy forum." Collier on Bankruptcy, *supra*, at 523-132. (Emphasis added.)

Here, that means staying the case until the State Court Proceeding is litigated to judgment. That is highly unlikely to be a protracted proceeding. "Every reasonable presumption and intendment will be made in favor of the arbitral award and of the arbitrators' acts and proceedings." State v. CSEA, SEIU Local 2001, 287 Conn. 258, 270 (2008) (citation and internal punctuation omitted). "We have consistently stated that arbitration is the favored means of settling differences and arbitration awards are generally upheld unless an award clearly falls

within the proscriptions of § 52–418[1]." State v. AFSCME, Council 4, Local 391, 309 Conn. 519, 526 (2013).

It makes sense to stay this adversary proceeding, to allow the State Court Proceeding to proceed to judgment.  Not until then will this court be able to entertain substantive motions about, much less render judgment upon, the 523(a)(19) part of the complaint. The other counts of the complaint are based on the same core of facts.

Furthermore, the (a)(19) claim is the one that will most probably lend itself to resolution by way of motion practice, with little need for discovery.  Determining whether the anticipated judgment in the State Court Proceeding will be for "the violation of any of the … securities laws … or any regulation or order…" will be one of law, and should be resolvable by documents (such as the Arbitration Statement of Claim and Award) and argument.  There should be little to no need for the type of discovery that would likely be required to show, for example, proof of fraud under (a)(2).

---

[1] Under the statute, an arbitration award may be vacated upon the following limited grounds:  : (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Id.  "[A]n additional challenge exists under § 52–418(a)(4) when the award rendered is claimed to be in contravention of public policy." State v. AFSCME, Council 4, Local 391, 309 Conn. 519, 526 (2013).  This exception is "narrowly construed." Id. at 527. "The award must be *clearly* illegal or *clearly* violative of a strong public policy." MedValUSA Health Programs, Inc. v. MemberWorks, Inc., 273 Conn. 634, 644 (2005) (citation omitted; emphasis supplied by the court).

Accordingly, it would not be efficient for the court to allow the case to continue, including the discovery process, on the (a)(2) and (a)(4) counts of the complaint, with a stay applied only as to the (a)(19) claim. The preparatory work associated with the former may prove largely or entirely unnecessary for purposes of the latter. And if the Plaintiffs establish nondischargeability under (a)(19), it is unlikely that they will see the need to push the other counts to judgment as well.

For these reasons, the Plaintiffs respectfully request that this adversary proceeding be stayed as described herein.

        **PLAINTIFFS,**
        **NICHOLAS AHUJA and**
        **AJAY AHUJA**

    By: /s/ William J. O'Sullivan
        William J. O'Sullivan ct08452
        O'Sullivan McCormack Jensen & Bliss PC
        Putnam Park, Suite 100
        100 Great Meadow Road
        Wethersfield, CT  06109-2371
        Phone (860) 258-1993
        Fax (860) 258-1991
        wosullivan@omjblaw.com
        Their Counsel

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT**

| | | |
|---|---|---|
| In re: | : | Case No: 19-51611 |
|     DAVID W. FLEMING, II, | : | Chapter 7 (JAM) |
|         Debtor. | : | |
| | : | |
|     NICHOLAS AHUJA and | : | Adv. Proc. No. 20-05008 |
|     AJAY AHUJA, | : | |
|         Plaintiffs, | : | |
| vs. | : | |
|     DAVID W. FLEMING, II, | : | |
|         Defendant. | : | March 26, 2020 |

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on March 26, 2020, a copy of the foregoing was served, in accordance with applicable law, by operation of this Court's CM/ECF to those that can accept electronic filing and by U.S. mail to those that are unable to accept electronic filing, as set forth below:

| | |
|---|---|
| Douglas S. Skalka, Esq. | Kim L. McCabe, Esq. |
| Neubert, Pepe, and Monteith | Office of the U.S. Trustee |
| 195 Church Street | Giaimo Federal Building |
| 13th Floor | 150 Court Street, Room 302 |
| New Haven, CT 06510 | New Haven, CT 06510 |
| *Counsel to Debtor* | *U.S. Trustee* |

| | |
|---|---|
| David W. Fleming, II<br>97 Comstock Hill Avenue<br>Norwalk, CT 06850<br>*Debtor* | George I. Roumeliotis, Esq.<br>Roumeliotis Law Group, P.C.<br>157 Church Street, 19th Floor<br>New Haven, CT 06510<br>*Trustee* |

**PLAINTIFFS,
NICHOLAS AHUJA and
AJAY AHUJA**

By: /s/ William J. O'Sullivan
    William J. O'Sullivan ct08452
    O'Sullivan McCormack Jensen & Bliss PC
    Putnam Park, Suite 100
    100 Great Meadow Road
    Wethersfield, CT  06109-2371
    Phone (860) 258-1993
    Fax (860) 258-1991
    wosullivan@omjblaw.com
    Their Counsel