**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 7 |
| DAVID W. FLEMING, II | : | CASE NO. 19-51611 (JAM) |
| Debtor. | : |  |
| NICHOLAS AHUJA and AJAY AHUJA | : | Adv. Pro. No. 20-05008 (JAM) |
| Plaintiffs, | : |  |
| v. | : |  |
| DAVID W. FLEMING, II, | : |  |
| Defendant. | : |  |

## ANSWER AND AFFIRMATIVE DEFENSES

Debtor / Defendant David W. Fleming, II ("Fleming") by and through his undersigned attorneys, hereby answers the Complaint of Plaintiffs Nicholas Ahuja and Ajay Ahuja (jointly, the "Plaintiffs") dated February 21, 2020 as follows:

### Allegations Common to All Counts

1.  Paragraph 1 constitutes a legal conclusion to which no response is required. To the extent a response is required, Fleming denies the allegations in paragraph 1.

2.  Paragraph 2 constitutes a legal conclusion to which no response is required. To the extent a response is required, Fleming denies the allegations in paragraph 2.

3.  Paragraph 3 constitutes a legal conclusion to which no response is required. To the extent a response is required, Fleming denies the allegations in paragraph 3.

4. Fleming denies the allegations in paragraph 4.

5. Fleming denies the allegations in paragraph 5, except admits that there is an action pending in Connecticut Superior Court.

6. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and leaves Plaintiffs to their proof.

7. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and leaves Plaintiffs to their proof.

8. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and leaves Plaintiffs to their proof.

9. Fleming denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 and leaves Plaintiffs to their proof.

10. Paragraph 10 constitutes a legal conclusion to which no response is required.

11. Paragraph 11 constitutes a legal conclusion to which no response is required.

12. Paragraph 12 constitutes a legal conclusion to which no response is required.

13. Fleming denies the allegations in paragraph 13.

14. Fleming denies the allegations in paragraph 14.

15. Fleming denies the allegations in paragraph 15, except that Fleming admits that a written Award was issued, which document speaks for itself as to the contents thereof.

16. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and leaves Plaintiffs to their proof.

17. Fleming denies the allegations in paragraph 17, except that Fleming admits that

he commenced a Chapter 7 bankruptcy case on December 12, 2019.

18.   Fleming admits the allegations in paragraph 18.

## Answer to First Count

1-18.   Fleming repeats and incorporates by reference his answers to the preceding paragraphs as if set forth in full herein.

19.   Paragraph 19 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fleming denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.   Fleming denies the allegations in paragraph 20.

21.   Fleming denies the allegations in paragraph 21.

22.   Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and leaves Plaintiffs to their proof.

23.   Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and leaves Plaintiffs to their proof.

## Answer to Second Count

1-18.    Fleming repeats and incorporates by reference his answers to the preceding paragraphs as if set forth in full herein.

19.   Paragraph 19 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fleming denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.   Fleming denies the allegations in paragraph 20.

21.   Fleming denies the allegations in paragraph 21.

22. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and leaves Plaintiffs to their proof.

23. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and leaves Plaintiffs to their proof.

## Answer to Third Count

1-18. Fleming repeats and incorporates by reference his answers to the preceding paragraphs as if set forth in full herein.

19. Paragraph 19 constitutes a legal conclusion to which no response is required. To the extent a response is required, Fleming denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Fleming denies the allegations in paragraph 20.

21. Fleming denies the allegations in paragraph 21.

22. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and leaves Plaintiffs to their proof.

23. Fleming denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and leaves Plaintiffs to their proof.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiffs' claims are barred under the doctrine of res judicata.

Second Affirmative Defense

Plaintiffs' claims are barred under the doctrine of collateral estoppel.

Dated: July 18, 2021  THE DEBTOR,
      New Haven, Connecticut  DAVID W. FLEMING, II

By:   /s/Douglas S. Skalka
    Douglas S. Skalka (ct00616)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street
    New Haven, CT  06510
    Telephone (203) 821-2000
    dskalka@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 7 |
| DAVID W. FLEMING, II | CASE NO. 19-51611 (JAM) |
| Debtor. |  |
| NICHOLAS AHUJA and AJAY AHUJA | Adv. Pro. No. 20-05008 (JAM) |
| Plaintiffs, |  |
| v. |  |
| DAVID W. FLEMING, II, |  |
| Defendant. |  |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 18, 2021 the foregoing Answer and Affirmative Defenses was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated: July 18, 2021  
New Haven, Connecticut

THE DEBTOR,  
DAVID W. FLEMING, II

By: /s/Douglas S. Skalka  
Douglas S. Skalka (ct00616)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street  
New Haven, CT 06510  
Telephone (203) 821-2000  
dskalka@npmlaw.com