**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| DAVID W. FLEMING, II, ) | |
| ) | CASE NO. 19-51611 (JAM) |
| DEBTOR. ) | |
| ) | |
| NICHOLAS AHUJA AND ) | |
| AJAY AHUJA, ) | ADV. PRO. NO. 20-5008 |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| V. ) | |
| ) | |
| DAVID W. FLEMING, II, ) | |
| ) | RE: ECF NO. 42 |
| DEFENDANT. ) | |

**Appearances**

Mr. Nicholas Ahuja  *Pro se Plaintiffs*
Mr. Ajay Ahuja

Douglas S. Skalka  *Attorney for the Defendant*
Neubert, Pepe & Monteith, P.C.
195 Church Street
New Haven, CT 06510

**MEMORANDUM OF DECISION GRANTING MOTION FOR
SUMMARY JUDGMENT ON COUNT THREE OF THE COMPLAINT**

Julie A. Manning, United States Bankruptcy Judge

**I.    INTRODUCTION**

Nicholas Ahuja and Ajay Ahuja, appearing *pro se* (the "Plaintiffs"), commenced this adversary proceeding by filing a three-count complaint against David W. Fleming (the "Defendant"). In Count One of the Complaint, the Plaintiffs seek a determination that the debt

owed to them by the Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). Count Two of the Complaint seeks a determination that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). Count Three of the Complaint seeks a determination that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(19).

On May 18, 2021, the Plaintiffs filed a Motion for Summary Judgment only with regard to Count Three of the Complaint (the "Motion for Summary Judgment," ECF No. 42). The Defendant filed an Objection to the Motion for Summary Judgment on August 18, 2021 (the "Objection," ECF No. 65). On August 27, 2021, the Plaintiff filed a Reply in support of the Motion for Summary Judgment (the "Reply," ECF No. 67). For the reasons that follow, the Motion for Summary Judgment is granted as to Count Three of the Complaint.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56 directs that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "Upon consideration of a motion for summary judgment, 'the judge's function . . . is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Parris v. Delaney (In re Delaney)*, 504 B.R. 738, 746 (Bankr. D. Conn. 2014) (quoting *Anderson*, 477 U.S. at 249). "[T]he court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Mex. Constr. & Paving v. Thompson (In re Thompson)*, 511 B.R. 20, 24 (Bankr. D. Conn. 2014) (quoting *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999)).

At the summary judgment stage, the moving party must show there are no material issues of fact, and the court must consider all facts in the light most favorable to the non-moving party. *Conn. Ironworkers Emp'rs Ass'n v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98-99 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1547 (2018) (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456, (1992); *Gemmink v. Jay Peak Inc.*, 807 F.3d 46, 48 (2d Cir. 2015)). Once the moving party has met its burden, the "party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Official Comm. of Unsecured Creditors of Affinity Health Care Mgmt., Inc. v. Wellner (In re Affinity Health Care Mgmt., Inc.)*, 499 B.R. 246, 251 (Bankr. D. Conn. 2013) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).

IV.     **UNDISPUTED FACTS**

The Court finds the following undisputed facts relevant to the determination of the Motion for Summary Judgment:[1]

---

[1] The undisputed facts are derived from the parties' United States District Court for the District of Connecticut Local Rule 56(a) Statements (ECF Nos. 43, 66) unless otherwise indicated.

3

1. The Defendant was the former financial advisor to the Plaintiffs.

2. The Defendant was employed by Deutsche Bank Securities, Inc., by Sterne, Agee & Leache, Inc., and by Stifel Nicholas & Co., Inc. as a financial adviser.

3. While the Defendant was employed as a financial advisor with the three companies, he managed the financial portfolio of the Plaintiffs.

4. On May 23, 2017, the Plaintiffs initiated an arbitration proceeding against the Defendant and his former employers at the Office of Dispute Resolution of the Financial Regulatory Authority (FINRA) by filing a Statement of Claim.

5. The Statement of Claim alleges that the Defendant's misconduct consisted of: "the solicitation of an investment strategy that was unsuitable for these two customers; a repeated failure to disclose material information to them about the securities purchased and sold; the making of material misrepresentations; and, the breach of fiduciary duties owed to the Ahujas, who were led to believe that when their broker made investment decisions on their behalf he always had their best interests." *See* Exhibit A to the Motion for Summary Judgment at pg. 8.

6. The Statement of Claim also alleges that the Defendant "misrepresented material information about the securities he purchased, failed to disclose material information regarding the riskiness of the securities he purchased and failed to disclose his conflict-of-interest with regard to Walter Energy." *See* Exhibit A to the Motion for Summary Judgment at pg. 8.

7. The Statement of Claim further alleges that the Defendant's "failure was both *negligent* (because he failed to disclose the actual **risk** of the investments and because he knew how much the Ahujas were relying on him) and *reckless* (because of the size and time period of the transactions that he alone made)." *See* Exhibit A to the Motion for Summary Judgment at pg. 9 (emphasis in original).

8.    Finally, the Statement of Claim alleges that the Plaintiffs "placed their trust in Respondent Fleming making suitable transactions on their behalf and by not doing so, Respondent Fleming breached is (sic) fiduciary duty to them." *See* Exhibit A to the Motion for Summary Judgment at pg. 9.

9.    On September 24, 2019, a three-member arbitration panel issued an award in favor of the Plaintiffs and against the Defendant (the "FINRA Award").[2] The FINRA Award identified the causes of action asserted by the Plaintiffs as follows: "unsuitability, misrepresentations of risk, materiality of omissions, misrepresentations, breach of fiduciary duty, negligent supervision, respondeat superior, violation of FINRA's Conduct Rules. The causes of action relate to Walker Energy Inc. and other stock." *See* Exhibit B to the Motion for Summary Judgment at pg. 2.

10.   The FINRA Award awarded damages to the Plaintiffs as follows: "1. Respondent Fleming is liable for and shall pay to Claimant Nicholas Ahuja the sum of $401,000.00 in compensatory damages plus interest at the rate of 9% per annum from Award issuance until paid in full.  2. Respondent Fleming is liable for and shall pay to Claimant Ajay Ahuja the sum of $327,000.00 in compensatory damages plus interest at the rate of 9% per annum from Award issuance until paid in full.  3. Respondent Fleming is liable for and shall pay to Claimants the sum of $20,000.00 for the unpaid loans.  4. Respondent Fleming is liable for and shall pay to Claimants the sum of $30,605.00 in expert witness fees." *See* Exhibit B to the Motion for Summary Judgment at pg. 3.

---

[2] The arbitration panel found the Defendant's employers not liable.

11. The arbitration panel issued the FINRA Award in full and final resolution after considering the pleadings, the testimony, and the evidence presented at eight hearing sessions, at least at one of which the Defendant was present.

12. After obtaining an order granting relief from the automatic stay in the Defendant's Chapter 7 case, the Plaintiffs filed an Application to Confirm the FINRA Award in the Connecticut Superior Court on July 17, 2019, *Nicholas Ahuja et al. v. David Fleming*, Docket Number FST-CV19-6043982-S. *See* Exhibit D to the Motion for Summary Judgment. The Superior Court entered a Memorandum of Decision confirming the FINRA Award and overruling the Defendant's objection thereto on December 10, 2020 (the "Superior Court Decision"). *See id.* The Debtor appealed the Superior Court Decision, but then withdraw the appeal on May 4, 2021. *See* Objection at pg. 3.

## V.    DISCUSSION

Pursuant to section 523(a)(19), a discharge does not discharge an individual debtor from a debt

> (19) that--
>   (A) is for--
>
>   (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>
>   (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
>   (B) results, before, on, or after the date on which the petition was filed, from--
>
>   (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
>   (ii) any settlement agreement entered into by the debtor; or

>> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C.A. § 523(a)(19). A debt is nondischargeable under section 523(a)(19) if two conditions are met: first, the debt must be "for the violation of certain federal securities laws, state securities laws or regulations under the federal or state securities laws," or for "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security." 4 *Collier on Bankruptcy* ¶ 523.27 (16th 2021). Second, the debt must result from a judgment, court or administrative order, consent order, decree, or any settlement agreement entered by the debtor. *See id.*

The majority of cases analyzing section 523(a)(19) involve violations of federal or state securities laws. *See e.g.*, *In re Jones*, 600 B.R. 561 (Bankr. W.D. Tex. 2019); *In re Clements*, 570 B.R. 803, 808 (Bankr. W.D. Wisc. 2017); *In re Minardi*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015); *In re Pujdak*, 462 B.R. 560 (Bankr. D.S.C. 2011); *but see In re Gibbons*, 289 B.R. 588, 597 (Bankr. S.D.N.Y. 2003), *aff'd,* 311 B.R. 402 (S.D.N.Y. 2004), *aff'd,* 155 F. App'x 534 (2d Cir. 2005) (finding debt nondischargeable under § 523(a)(19) when it resulted from an arbitral award which specifically stated the debtor committed fraud in connection with trading securities).

There are very few section 523(a)(19) case that address debts that arise from common law fraud, deceit, or manipulation. However, as noted above, a debt can also be nondischargable under section 523(a)(19) if the debt resulted from common law fraud, deceit, or manipulation in connection with the purchase and sale of any security.

The Court finds that the undisputed facts establish that the Plaintiffs are entitled to judgment as a matter of law on their section 523(a)(19) claim. First, the FINRA Award arose in

7

connection with the Defendant's violation of securities law *or* from common law fraud, deceit, or manipulation in connection with the purchase or sale of a security (emphasis added). Although the Defendant argues that the FINRA Award did not include a specific reference to a violation of a federal or state securities law, that argument does acknowledge that a section 523(a)(19)(A) claim can be established if the debt is for **either** a violation of securities laws *or for common law fraud, deceit, or manipulation in connection with the purchase or sale of a security*. The Statement of Claim alleges, among other things, that the Defendant misrepresented material information about the securities he purchased, failed to disclose material information regarding the riskiness of the securities he purchased, failed to disclose a conflict-of-interest with respect to a security he purchased, and breached the fiduciary duty he owed to the Plaintiffs. The FINRA Award, which was issued "in full and final resolution of the issues submitted for determination," and which was confirmed by the Connecticut Superior Court, established that, at the very least, the Defendant made material misrepresentations and omissions regarding the securities he purchased and that he breached his fiduciary duty to the Plaintiffs in connection with the securities he purchased. As such, the Defendant's actions rise to the level of *common law fraud, deceit, or manipulation* in connection with the purchase or sale of any security as set forth in section 523(a)(19).

In reaching this conclusion, the Court reviewed the plain language of section 523(a)(19). It is well established that a "a statute's plain language serves as the initial basis for statutory interpretation." *In re Avaya Inc.*, 573 B.R. 93, 99 (Bankr. S.D.N.Y. 2017) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). When "the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is

to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030, 157 L. Ed. 2d 1024 (2004).

The text of statute contains the terms "common law fraud, deceit, *or* manipulation." (emphasis added). Turning first to the term "deceit," although it is not defined in the Bankruptcy Code, Black's Law Dictionary defines "deceit" as follows:

> **1.** The act of intentionally leading someone to believe something that is not true; an act designed to deceive or trick <the juror's deceit led the lawyer to believe that she was not biased>. **2.** A false statement of fact made by a person knowingly or recklessly (i.e., not caring whether it is true or false) with the intent that someone else will act on it. See *fraudulent misrepresentation* under MISREPRESENTATION. **3.** A tort arising from a false representation made knowingly or recklessly with the intent that another person should detrimentally rely on it <the new homeowner sued both the seller and the realtor for deceit after discovering termites>. See FRAUD; MISREPRESENTATION. — **deceive,** *vb.*

DECEIT, Black's Law Dictionary (11th ed. 2019). The FINRA Award found the Defendant liable for, among other things, material misrepresentation. Black's Law Dictionary defines material misrepresentation as follows:

> **1.** *Contracts.* A false statement that is likely to induce a reasonable person to assent or that the maker knows is likely to induce the recipient to assent. **2.** *Torts.* A false statement to which a reasonable person would attach importance in deciding how to act in the transaction in question or to which the maker knows or has reason to know that the recipient attaches some importance.

MISREPRESENTATION, Black's Law Dictionary (11th ed. 2019).

According to the plain language of the statute, the term deceit can encompass a material misrepresentation. Therefore, the FINRA Award's determination that the Defendant was liable for material misrepresentation with respect to securities he purchased or sold on behalf of the Plaintiffs is commensurate to a finding that the debt owed to the Plaintiffs is for common law fraud, deceit, or manipulation in connection with the purchase or sale of a security. Accordingly,

the section 523(a)(19)(A) element of common law fraud, deceit, or manipulation in connection with the purchase or sale of a security has been satisfied.

As to the second element of section 523(a)(19), the Superior Court Decision confirming the FINRA Award is a judgment memorializing the debt, which satisfies the requirement of section 523(a)(19)(B). To the extent that the Defendant argues that the Motion for Summary Judgment should be denied because the FINRA Award was, as the Objection avers, "a default award," this argument is unpersuasive. Courts have held that because section 523(a)(19) "permits a determination of nondischargeability based on '*any* judgment,' … a court may give preclusive effect to a default judgment that otherwise satisfies the requirements of § 523(a)(19)," even when " state law would otherwise bar the use of collateral estoppel because the plaintiff failed to prove an issue was actually litigated in the prior proceeding." *See In re Behrends*, 660 F. App'x 696, 700 (10th Cir. 2016) (citing cases); *see also* 4 *Collier on Bankruptcy* ¶ 523.27 (stating that the section 532(a)(19) "discharge exception applies even if a prior securities law or fraud judgment entered in connection with the purchase or sale of a security was entered by default.").

In addition, the argument that the FINRA Award was a default award cannot prevail here in light of the Superior Court's finding that the Defendant "has provided no basis whatsoever" for vacating the FINRA Award. *See* Exhibit D to the Motion for Summary Judgment. In response to the Defendant's argument that he did not have notice of certain filings in the arbitration proceedings, the Superior Court stated as follows: "The defendant, based upon his affidavit, apparently relied on his employers for a defense and participated only marginally as a result. The defendant did not notify the arbitrators or the parties when he changed his address and any failure to receive notice of proceedings can only be attributed to his own violation of

10

required procedures." *Id.* Thus, any argument that the FINRA Award was a default award cannot defeat summary judgment from entering in the Plaintiff's favor on their section 523(a)(19) claim.

Therefore, because the debt owed to the Plaintiffs is based upon common law fraud, deceit, or manipulation in connection with the purchase or sale of a security, and because the debt is confirmed in the Superior Court Decision, the debt is non-dischargeable pursuant to section 523(a)(19).

## VI. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED:** The Plaintiff's Motion for Summary Judgment as to Count Three of the Complaint is GRANTED; and it is further

**ORDERED:** A separate judgment as to the non-dischargeability of the Defendant's debt pursuant to 11 U.S.C. § 523(a)(19) will enter; and it is further

**ORDERED:** The Court will hold a status conference on February 22, 2022 at 2:00 p.m. to address the remaining counts of the Complaint.

Dated at Bridgeport, Connecticut this 9th day of December, 2021.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut